IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRIS MCANDREW,<br><br>    Plaintiff,<br><br>  v.<br><br>WYZANT, INC.,<br><br>    Defendant. | Case No.: |

## COMPLAINT AND JURY DEMAND

Plaintiff Chris McAndrew ("Plaintiff"), by his undersigned attorneys, Duane Morris LLP, brings this suit against defendant Wyzant, Inc. ("Defendant"), and for his Complaint alleges as follows:

### SUBSTANCE OF THE ACTION

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106 and 501. Plaintiff seeks compensatory or statutory damages, selected in the Plaintiff's discretion prior to entry of final judgment, in an amount to be established at trial, as well as injunctive and related relief.

### PARTIES

2. Plaintiff is a professional photographer who resides at 74 Wellesley Road, Great Britain E178QY, London.

3. Upon information and belief, Defendant Wyzant Inc. is a corporation duly organized and existing under the laws of the State of Delaware with a principal place of business located at 1714 N. Damen Avenue, Suite 3N, Chicago, Illinois 60647.

4. Throughout the time period relevant to this lawsuit, Defendant has owned and operated a website used to promote its business services located at the URL http://www.wyzant.com (the "Website").

## JURISDICTION AND VENUE

5. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

6. Personal jurisdiction over Defendant in this forum is proper. Defendant' principal place of business is located in this district, Defendant regularly conducts business in this district and has committed a tort in this state, specifically Defendant's copyright infringement underlying this lawsuit.

7. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.     Plaintiff's Business**

8. Plaintiff is a well-known professional photographer specializing in portraiture photography. His work is featured in many well-known national and international publications, music industry publications, and PR materials, among other highly visible commercial publications. Among the many stylized and valuable photographs he has taken, Plaintiff is the original author of a photographic image of Neil Gaiman (the "Copyrighted Work"). Attached hereto as **Exhibit A** is a copy of the original photographic image that is the Copyrighted.

9. Plaintiff timely obtained Certificate of Registration VAu 1-258-867 from the United States Copyright Office for the Copyrighted Work (among other photographs), effective

as of November 15, 2016. Attached hereto at **Exhibit B** is a true and accurate copy of that Certificate of Registration. The Copyrighted Work is identified in the Certificate of Registration as "CMC_Gaiman_06".

10. Plaintiff published the Copyrighted Work on his website, http://www.mcandrewphoto.co.uk/. On the same page of his website and in connection with the Copyrighted Work, Plaintiff maintained copyright management information including the copyright registration symbol – © – and the name "Chris McAndrew Photography."

11. Additionally, Plaintiff published his Copyrighted Work with his copyright management information embedded within the metadata of the digital image

12. Plaintiff owns all rights, title, and interests, including copyrights, in and to the Copyrighted Work, including the exclusive rights to reproduce, display, distribute and create a derivative work based upon the Copyrighted Work, and to bring infringement claims arising out of the unauthorized reproduction, distribution, display and creation of a derivative work based upon the Copyrighted Works.

**B.  Defendant's Unlawful Activities**

13. Plaintiff recently discovered that Defendant was infringing Plaintiff's exclusive copyright in the Copyrighted Work by reproducing, displaying, distributing and or using the Copyrighted Work to fashion a derivative work on its Website, in an effort to attract potential customers and promote Defendant's tutor booking services.

14. Specifically, Plaintiff discovered the Copyrighted Work reproduced, distributed and publicly displayed, without Plaintiff's authorization, at the following Website page URL:

- https://www.wyzant.com/blog/beat-writers-blockwebsite
- https://www.wyzant.com/blog/wp-content/uploads/2020/12/My-Post-2020-12-08T090045.512.jpg

15. Printouts of screenshots of the Defendant's infringing reproduction, distribution and public display of the Copyrighted Work are attached hereto as **Exhibit C**.

16. Defendant's infringing use of the Copyrighted Work on its Website was for the commercial purpose of attracting and promoting its services to potential customers. Defendant sought to profit, and on information and belief has profited, from its infringing use of the Plaintiff's Copyrighted Work to promote and sell Defendant's services to its potential and existing customers.

17. Defendant intended to obtain, and on information and belief has obtained, the benefit of the use of the Plaintiff's Copyrighted Work to promote its business services without paying the Plaintiff (or anyone else) for a license or other permission to reproduce, display, distribute or otherwise use the Copyrighted Work.

18. On information and belief, Defendant, by and through the Website that it owns and operates, has similarly taken for its own commercial use and profit photographic images created by others, without authorization and without compensation being paid. For example, the two other photographic images and the reproduction of a painted portrait displayed by Defendant along with the Copyrighted Work all appear to be professionally created images, as opposed to images created by Defendant itself, but despite demand, Defendant is unable (or unwilling) to identify any license or other authorization from the authors or other owners of those works permitting Defendants' reproduction and use of those works to promote its business services.

19. On information and belief, Defendant's multiple acts of copyright infringement constitute a business practice of the Defendant to take copyrighted materials created by others and convert them to its own commercial use without paying any compensation, forcing copyright owners to discover Defendant's infringement and take action to bring it to an end.

20. Defendant was aware that it did not own and had no license or other permission to use the Copyrighted Work on its commercial Website in order to promote Defendant's business. On information and belief, Defendant made no effort to obtain a license or other permission to reproduce, display and distribute the Copyrighted Work on its commercial Website, acting in reckless disregard of Plaintiff's exclusive copyrights.

21. Defendant is an on-line tutoring company that provides services to students and their families across the United States. Defendant is one of five affiliated entities and / or brands in the on-line education and education technology market commonly owned and managed by IXL Learning, Inc. ("IXL Learning"), a very sophisticated educational technology company that claims to provide on-line educational services in 190 countries around the world and to "impact" 1 in 5 students in the United States.

22. Wyzant and its parent IXL Learning have a sophisticated knowledge of copyright law protections, demonstrating that knowledge, in part, by asserting copyright protection over the content on each page of the Website with the following notice: "© 2005 - 2021 Wyzant, Inc, a division of IXL Learning - All Rights Reserved." |

23. Despite repeated requests made on behalf of the Plaintiff, Defendant has refused to confirm or certify that it is not making any use of Plaintiff's Copyrighted Work other than the infringing display on its Website depicted in Exhibit C (the public display of which does not appear visible as of the filing of this Complaint), and Defendant refuses to certify that it will make no further use of any reproduction of the Copyrighted Work that remains in its possession. Defendant is aware, or should be aware, that Plaintiff is unable to confirm on its own all uses of the Copyrighted Work that Defendant may have made, is currently making, or will make in the future. Defendant prefers to leave the Plaintiff uncertain whether there is any ongoing infringing use of the Copyrighted Work by the Defendant and unsure whether Defendants intends to make

any future infringing use of the Copyrighted Work, rather than commit in writing that there is no and current and will be no future infringement by the Defendant.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT**
**(17 U.S.C. § 101 *et seq*.)**

24. Plaintiff realleges paragraphs 1 through 23 above and incorporates them by reference as if fully set forth herein.

25. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws. Plaintiff owns the sole and exclusive copyrights in the Copyrighted Work, including without limitation the right to sue for infringement.

26. Plaintiff timely registered his Copyrighted Work with the Copyright Office prior to Defendant's commencement of its infringing actions.

27. By its actions set forth above, including without limitation the reproduction and display of the Copyrighted Work demonstrated in Exh. C, Defendant has infringed and violated Plaintiff's exclusive rights in the Copyrighted Work in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

28. Defendant's infringement of Plaintiff's copyrights has been willful and deliberate, or at a minimum in reckless disregard of Plaintiff's exclusive copyrights in the Copyrighted Work, and Defendant has commercially profited, or attempted to commercially profit, from its infringement of Plaintiff's Copyrighted Work.

29. As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover his actual damages resulting from Defendant's unauthorized and uncompensated uses of the Copyrighted Work, and in addition, Plaintiff is entitled to recover damages based on a disgorgement of Defendant's

profits connected to sales of its services to customers who visited its Website while Defendant displayed and distributed the Copyright Work without authorization, pursuant to 17 U.S.C. § 504(b).

30. In the alternative, and at Plaintiff's election exercised at any time prior to the entry of final judgment, Plaintiff is entitled to an award of statutory damages, to be determined by the jury, up to a maximum amount of $150,000 as a result of Defendant's willful infringement of the Copyrighted Work, or up to a maximum amount of $30,000 if Defendant's infringement is determined not to have been willful, pursuant to 17 U.S.C. § 504(c).

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant has infringed Plaintiff's exclusive copyrights in the Copyrighted Work in violation of the Copyright Act;

2. A declaration that such infringement has been willful;

3. An award of Plaintiff's actual damages and a disgorgement of Defendant's profits, under 17 U.S.C. § 504(b), as shall be determined at trial, or, at Plaintiff's election, an award of statutory damages in an amount determined at trial, pursuant to 17 U.S.C. § 504(c);

4. An award of Plaintiff's costs and expenses incurred in this action, including his reasonable attorneys' fees, pursuant to 17 U.S.C. § 505;

5. An award of interest, including pre-judgment interest, on the foregoing sums;

6. A permanent injunction prohibiting Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from:

    (a) directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop or manufacture any works derived or copied

    from the Plaintiff's Copyrighted Work or to participate or assist in any such activity; and

  (b)  directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of the Copyrighted Work.

7.  For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: December 14, 2021      Respectfully submitted,

               **DUANE MORRIS LLP**

               /s/ Chris J. Chasin
               Chris J. Chasin
               Bar ID 6317466
               Duane Morris LLP
               190 S. LaSalle St., Suite 3700
               Chicago, IL 60603
               (312) 499-6769
               cjchasin@duanemorris.com

               Steven M. Cowley*
               100 High Street, Suite 2400
               Boston, MA 02110-1724
               Telephone: (857) 488-4261
               Facsimile: (857) 401-3090
               SMCowley@duanemorris.com
               **Pro Hac Vice to be submitted*

               *Counsel for Plaintiff Chris McAndrew*